http://www.va.gov/vetapp16/Files3/1626403.txt

Citation Nr: 1626403 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 93-27 846 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boise, Idaho

THE ISSUE

Entitlement to service connection for a lumbar spine disorder.

REPRESENTATION

Appellant represented by: Mark Lippman, Esq.

ATTORNEY FOR THE BOARD

Shamil Patel, Counsel

INTRODUCTION

The Veteran had active service in the U.S. Army from February 1972 to February 1975 and from January 1977 to November 1982.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Boise, Idaho, which declined to reopen a previously denied claim for service connection for a lumbar spine condition.

In November 2009, the Board reopened the Veteran's claim and remanded it for further development. After completion of that development, the Board denied the claim in August 2010. The Veteran appealed that decision to the U.S. Court of Appeals for Veterans Claims (Court). Pursuant to a Joint Motion for Remand (JMR) filed by the parties, the Court remanded the case back to the Board in February 2011 for further action consistent with the terms of the JMR. The Board then remanded the case in November 2011 and November 2012.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

In June 2016, the Veteran's representative submitted a request for a Board videoconference hearing. He specifically requested that a "3-way" hearing be scheduled, such that the Veteran can appear at the RO in Boise, Idaho, and his representative can appear at the RO in San Diego, California, to testify before a Veterans Law Judge (VLJ) seated at Board's office in Washington, D.C. Therefore, the Boise, Idaho, RO should take the appropriate action to implement this request.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing before the Board at the earliest available opportunity. The hearing coordinator at the RO in Boise, Idaho, should confer with his/her counterpart at the RO in San Diego, California, to facilitate the request from the Veteran's representative for a 3-way videoconference hearing. Notify the Veteran and his representative of the date, time and respective locations for this hearing, in accordance with 38 C.F.R. § 20.704(b) (2015). After the hearing, the claims file should be returned to the Board in accordance with current appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
M. TENNER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).